IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMONICA PARKER                                                                                          PLAINTIFF

VS.                                             CASE NO. 06-CV-4077

K&A's LIQUOR, KEN JACKSON,
AUDRA JACKSON, and CATHY HALTOM                                                       DEFENDANTS

## ORDER

Plaintiff Tamonica Parker filed a *pro se* complaint (Doc. 1) in this district alleging racial discrimination, mental stress, mental anxiety, mental anguish and verbal abuse. The Court granted Parker's application to proceed *in forma pauperis*, provisionally filing the complaint and deferring on the question of service of process. (Doc. 3). The Court now considers the propriety of service of Parker's complaint.

Parker's claims arise under Title VII of the Civil Rights Act, and Parker is required to exhaust her administrative remedies with the EEOC before bringing suit in this Court. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Exhaustion of administrative remedies requires: (1) filing of a timely charge of discrimination with the EEOC setting forth the facts and the nature of the charge; and (2) receipt of notice of the right to sue from the EEOC in response. *See* 42 U.S.C. § 2000e-5; *Jones v. American State Bank*, 857 F.2d 494, 499-500 (8th Cir. 1988)(finding receipt of right-to-sue notice from the EEOC a condition precedent to filing Title VII claim in federal court).

Accordingly, on October 13, 2006, the Court ordered Parker to submit a copy of the EEOC charge and the EEOC Right-to-Sue notice to the Court not later than November 13, 2006. (Doc. 4). Plaintiff responded to the Court's request on October 23, 2006. (Doc. 5-1). Parker attached to her

response a fax she received from the EEOC. (Doc. 5-2). The response and EEOC fax reveal a fatal flaw in Parker's action against Defendants.

In her response, Parker admits that the EEOC rejected her claim because "[Defendant] K&A's only had about six employees employed at a time." (Doc. 5-1, pg. 1). Thus, K&A's Liquor is not an employer covered by Title VII.[1] *See* 42 U.S.C. § 2000e(b)(limiting coverage under statute to those persons engaged in an industry affecting commerce who have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year). The EEOC fax to Parker noted this limitation on coverage under Title VII. (Doc. 5-2, pg. 1). Indeed, and for this very reason, the EEOC fax attempts to explain to Parker this failure of coverage under Title VII *instead of* providing her with the right-to-sue.[2]

Thus, since Defendant K&A's Liquor is not a covered employer under Title VII, the Court today decides to dismiss Parker's complaint as frivolous and for failure to state a claim. 28 U.S.C. § 1915(d) authorizes a magistrate or district court judge to dismiss a complaint before service of process on the defendants if the complaint is legally frivolous. A complaint is frivolous if the claims lack "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Divers v. Department of Corrections*, 921 F.2d 191, 193 (8th Cir. 1990). While sua sponte dismissals are disfavored, 109 S.Ct. at 1834, the Court is satisfied that sua sponte dismissal in this case is appropriate. Parker's complaint lacks an arguable basis in either law

---

[1] It follows that the individually named Defendants are also not covered "employers" within the meaning of 42 U.S.C. § 2000e(b). The Court thus dismisses Parker's claims against Ken Jackson, Audra Jackson and Cathy Haltom for this reason.

[2] Without a Right-to-Sue notice, Parker has not exhausted her administrative remedies, and cannot maintain the instant suit. *See Jones v. American State Bank*, 857 F.2d at 499-500.

or fact, as her own admissions reveal that Defendant K&A Liquor did not employ a sufficient number of employees to be covered under Title VII.  No good faith amendment to Parker's complaint could cure this fatal defect.  Additionally, the Court is without subject matter jurisdiction to entertain Parker's complaint, since her claims do not arise under federal law and complete diversity does not exist.  *See* 28 U.S.C. §§ 1331, 1332.

Accordingly, Plaintiff Tamonica Parker's complaint should be and hereby is **DISMISSED** prior to service on Defendants.

**IT IS SO ORDERED**, this 31st day of January, 2007.

                                             /s/Harry F. Barnes
                                             Hon. Harry F. Barnes
                                             United States District Judge